G. Jefferson Campbell, Jr., OSB #750611
gjcpc@qwestoffice.net
G. JEFFERSON CAMPBELL, JR., P.C.
PO Box 296
Medford, OR 97501
Telephone: (541) 776-5025
Facsimile: (541) 779-3306

Of Attorneys for Plaintiffs

FILED'10 MAY 7 13:18 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD FOOS and MARTHA A. FOOS,

    Plaintiffs,

vs.

VERIZON BUSINESS NETWORK SERVICES, INC., a foreign Delaware corporation authorized to conduct business in the State of Oregon, and ATER WYNNE, LLP,

    Defendants.

Case No. 10-3040 -PA

**COMPLAINT**

*Claim for Violation of Driver's Privacy Protection Act, 18 U.S.C. §2721, et seq; and Claim for Invasion of Rights of Privacy*

***Demand for Jury Trial***

Plaintiffs allege:

## JURISDICTION

1.

This Court has original jurisdiction over Plaintiffs' claim in this action for violations of the federal Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §2721, et seq, pursuant to 28 U.S.C. §1331. 18 U.S.C. §2724(a) of the DPPA also confers jurisdiction on this Court for the bringing of a civil action for the violations of the DPPA alleged in this Complaint. This court has supplemental jurisdiction over Plaintiffs' state law common law claim for invasion of the Plaintiff's rights of privacy, pursuant to 28 U.S.C. §1357(a).

**COMPLAINT - 1**

## PARTIES AND VENUE

2.

Plaintiffs are residents of Siskiyou County, California. At certain times material to this action, Plaintiff Richard Foos owned a residential parcel of real property located at 1280 Grays Creek Road, Grants Pass, Josephine County, Oregon and was the owner of a telephone number, (541) 862-8803, providing telephone service to this residential property, which telephone number was unlisted and private. At certain times material to this action, Plaintiffs had also had an ownership interest and were officers in a foreign California non-profit corporation, BT Club. The BT Club conducted business in the State of Oregon, including Jackson and Josephine Counties, Oregon, related to the solicitation of funds for various charities through donation containers maintained at retail stores and establishments. At all times during which the BT Club was operating such a business in the State of Oregon, it was registered with the Oregon Secretary of State, Corporation Division, and authorized to conduct this business as a non-profit corporation.

3.

At all times material to this action, Defendant Verizon Business Network Services, Inc. (hereinafter "Defendant Verizon") was a Delaware corporation, which was registered with the Oregon Secretary of State, Corporation Division, as a foreign Delaware corporation, and was authorized to transact business in the State of Oregon. Defendant Verizon is the successor to MCI Worldcom Network Services, Inc. (hereinafter "MCI WorldCom"). At all times material to this action, Defendant Verizon and its predecessor, MCI Worldcom, maintained certain fiber optic transmission lines and fiber optic regeneration stations in Jackson County, Oregon and Josephine County, Oregon. At all times material to this action, Defendant Verizon maintained regular and sustained business in Jackson County, Oregon and Josephine County, Oregon.

4.

Defendant Ater Wynne, LLP (hereinafter "Defendant Ater Wynne") is an Oregon

COMPLAINT - 2

1  limited liability partnership, organized and existing pursuant to the provisions of ORS 67.500, et
2  seq. At all time material to this action, the Defendant Ater Wynne was registered with the
3  Oregon Secretary of State, Corporation Division, as an Oregon domestic limited liability
4  partnership, and was authorized to transact business in the State of Oregon. At all times
5  material to this action, Defendant Ater Wynne maintained a law office, as its principal place of
6  business, in Portland, Multnomah County, Oregon, and provided legal services to clients with
7  regard to various legal matters, including legal disputes arising and being litigated in Jackson
8  County, Oregon and Josephine County, Oregon.

9                                             5.

10  Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b), as a substantial part of
11  the events or omissions giving rise to the Plaintiffs' claims occurred in the State of Oregon, and
12  a substantial part of the property that is the subject of this action is situated in the State of
13  Oregon. Venue is also proper in this Court, pursuant to 28 U.S.C. §1391(c), as the Defendants
14  are registered with the Oregon Secretary of State for purposes of conducting business in the
15  State of Oregon as registered corporations or similar legal entities and are thus deemed to be
16  residents of each county in the State of Oregon for purposes of jurisdiction and venue.

17                                  **GENERAL ALLEGATIONS**
18                                             6.

19  Joshua Scott is the son of Plaintiff Richard Foos. Mickey Foos was the former name of
20  Joshua Scott, before he legally changed his name in the 1980's.

21                                             7.

22  At all times material to this action, there was pending in the Josephine County Circuit
23  Court a civil action entitled <u>MCI Worldcom Network Services, Inc. v. Jeannette Goodwin</u>, Case
24  No. 04-CV-0382 (hereinafter "<u>MCI Worldcom v. Goodwin</u> action"), which action involved
25  certain declaratory relief claims, counterclaims and defenses, relating to whether there had been
26  a breach and termination of a long-term lease for a fiber optic regeneration station and fiber

COMPLAINT - 3

optic lines on certain real property belonging to Jeannette Goodwin located on Winona Road, in Grants Pass, Josephine County, Oregon, which regeneration station and fiber optic lines were owned and operated by the Defendant Verizon and its predecessor MCI Worldcom on the real property of Jeannette Goodwin under the provisions of the subject long-term lease.

8.

At all times material to this action, prior to November, 2007, Joshua Scott was known to the Defendants to be a likely witness in a civil jury trial of the MCI Worldcom v. Goodwin action. In November, 2007, Joshua Scott, in fact, did testify, as a witness in a jury trial held in the MCI Worldcom v. Goodwin action, on some of the claims, counterclaims and defenses raised in this action.

9.

At all times material to this action, Defendants knew that the Plaintiffs Richard Foos and Martha Foos had no knowledge of the facts related to the claims or defenses raised in the MCI Worldcom v. Goodwin action; had no involvement with any of the disputes involved in this action; were not going to be called as witnesses by the defendant Jeannette Goodwin or by the plaintiff at the jury trial in this action in November, 2007; and were not, in fact, called as witnesses in the jury trial in the MCI Worldcom v. Goodwin action held in November, 2007.

10.

At all times material to this action, Defendant Ater Wynne was the law firm that represented the Defendant Verizon in the MCI Worldcom v. Goodwin action, which action was originally filed in early July, 2004. At all times material to this action, Defendant Ater Wynne, by and through its attorneys and paralegals, provided legal and paralegal services for the Defendant Verizon and its predecessor, MCI Worldcom, with regard to the MCI Worldcom v. Goodwin action. Defendant Ater Wynne, by and through its attorneys and paralegals, in fact, still provide legal and paralegal services for the Defendant Verizon with regard to the MCI Worldcom v. Goodwin action in a pending appeal to the Oregon Court of Appeals from a

COMPLAINT - 4

General Judgment entered in this action on April 9, 2009.

11.

Seisint, Inc., a national database information company, owns, operates and maintains, under an assumed business name of "Accurint," certain databases in which information on individuals, property and other subject matters are electronically stored. These "Accurint" databases are utilized by registered users of "Accurint" to access, search, obtain and normally print "Accurint reports" on individuals, property, or other subject matters being searched. Registered users of "Accurint" obtain access to the subject Accurint databases via an internet secured website that requires each registered user to have a unique user name and password.

12.

In September, 2006, a paralegal employed by the Defendant Ater Wynne, Janice Harvey, within the course and scope of her employment for the Defendant Ater Wynne, accessed several "Accurint" databases maintained by Seisint, Inc. by use of Defendant Ater Wynne's unique user name and password, as a registered user of "Accurint."

13.

The "Accurint" databases that were created and maintained by Seisint, Inc. and accessed by the paralegal in the law offices of the Defendant Ater Wynne, in Portland, Oregon, in September, 2006, included "personal information" of drivers that had been obtained from "motor vehicle record," as defined in the DPPA. "Motor vehicle record" is defined in 18 U.S.C. §2725(1) of the DPPA as meaning

> "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles."

"Personal information" is defined in 18 U.S.C. §2725(3) of the DPPA as meaning

> "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status."

**COMPLAINT - 5**

1. At all times material to this action, Seisint, Inc. was authorized under the DPPA to obtain and maintain such state motor vehicle department records and personal information on licensed and registered drivers for resale and use by third parties, as a so-called "authorized recipient of personal information" under the DPPA, pursuant to the provisions of 18 U.S.C. §2721(c).

14.

The Accurint databases accessed by the paralegal in the law offices of the Defendant Ater Wynne, in September, 2006, were subject to the provisions of the DPPA and the restrictions and prohibitions set forth in 18 U.S.C. §2722. At all times material to this action, 18 U.S.C. §2722(a) of the DPPA restricted and prohibited access and use of personal information obtained from a motor vehicle record by any person, unless such access and use was authorized as a "permissible use" under the provisions of 18 U.S.C. §2721(b)(1) - (14). At all times material to this action, 18 U.S.C. §2722(b) further restricted and prohibited a person from obtaining any information from an individual's motor vehicle record through a false representation.

15.

The Accurint databases accessed by the paralegal in the law offices of the Defendant Ater Wynne, in Portland, Oregon, in September, 2008, were subject to the foregoing restrictions and prohibitions of 18 U.S.C. §2722(a) and (b) of the DPPA.

16.

Pursuant to the requirements of the DPPA imposed on Seisint, Inc., as an "authorized recipient of personal information," when access to the "Accurint" databases was obtained by the paralegal in the law offices of the Defendant Ater Wynne, in September, 2008, the paralegal was required to certify on the paralegal's computer access screen connected to Accurint's secured internet website for these "Accurint" databases that each of the searches being undertaken by the paralegal in these "Accurint" databases were for a "permitted use" under the DPPA and 18 U.S.C. §2721(b)(1) - (14).

COMPLAINT - 6

17.

The paralegal in the law firm of the Defendant Ater Wynne, in Portland, Oregon, on September 8, 2006, undertook the following "Accurint" searches, among others, and obtained the following "Accurint reports," among others, from the "Accurint" databases maintained by Seisint, Inc., to-wit:

    a. An Accurint Property Deeds Search on 1280 Grays Creek Road, Grants Pass, Oregon; and

    b. An Accurint Person Search on 1280 Grays Creek Road, Grants Pass, Oregon.

Prior to obtaining access to the Accurint databases for the foregoing searches undertaken on or about September 8, 2006, the paralegal in the law firm of the Defendant Ater Wynne indicated on paralegal's computer access screen connected to the secured website for the Accurint databases that each of these searches was for a "permissible use" under 18 U.S.C. §2721(b)(4) (*i.e.*, "for use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.").

18.

Upon information and belief, which allegations are anticipated to likely have evidentiary support obtained through further investigation or discovery in this action, Plaintiffs further allege that the paralegal in the law firm of the Defendant Ater Wynne, in Portland, Oregon, also undertook the following additional "Accurint" searches, among others, and obtained the following additional "Accurint reports" from the Accurint databases maintained by Seisint, Inc., on or about September 8, 2006 and September 12, 2006, to-wit:

    a. An Accurint Advanced People Search for phone number 541-862-8803, on or about September 8, 2006;

//

COMPLAINT - 7

b. An Accurint Comprehensive Business Report for B.T. Club, on or about September 12, 2006; and

c. An Accurint Business Search for B.T. Club, Inc., on or about September 12, 2006. On information and belief, which allegations are anticipated to likely have evidentiary support obtained through further investigation or discovery in this action, Plaintiffs further allege that prior to obtaining access to the "Accurint" databases for the foregoing additional searches undertaken on or about September 8, 2006 and September 12, 2006, and before obtaining the foregoing additional "Accurint reports," the paralegal in the law firm of the Defendant Ater Wynne indicated on the paralegal's computer access screen connected to the secured internet website for the "Accurint" databases that each of these searches was for a "permissible use" under 18 U.S.C. §2721(b)(4) (*i.e.*, "for use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.").

19.

The allegations of Paragraph 18 of this Complaint alleged upon the basis of "information and belief" are based upon the contents of a "Privilege Log" filed by the Defendant Verizon, by and through its attorney, the Defendant Ater Wynne, in a pending civil action in the Jackson County Circuit Court, <u>Joshua Scott v. Kippen Ward, et al</u>, Jackson County Circuit Court Case No. 07-0647-L2 (hereinafter "<u>Scott v. Ward and Verizon</u> action"), which action was filed by Joshua Scott against the Defendant Verizon and a private investigator, Kippen Ward, who was a licensed private investigator of the State of Oregon and an officer and employee of the Defendant CICS. The <u>Scott v. Ward and Verizon</u> action alleges claims by Joshua Scott against the Defendant Verizon and Kippen Ward for violations of the DPPA and the invasion of Joshua Scott's common law right to privacy. The subject "Privilege Log" was filed in the <u>Scott v.</u>

COMPLAINT - 8

1  <u>Ward and Verizon</u> action by the Defendant Verizon in connection with its motion for a
2  protective order filed in response to a request for production of documents served on it by
3  Joshua Scott. The request for production of documents served on the Defendant Verizon by
4  Joshua Scott in the <u>Scott v. Ward and Verizon</u> action generally requested that Defendant
5  Verizon produce for inspection and copying all reports or other documents generated or
6  obtained by the Defendant Verizon or its attorneys, Defendant Ater Wynne, arising out of or
7  related to any alleged investigation of Joshua Scott. The subject "Privilege Log" so filed in the
8  <u>Scott v. Ward and Verizon</u> action, specifically included in the listing of claimed privileged
9  documents the "Accurint reports" described in Paragraph 18 of this Complaint, and indicated
10 that these "Accurint reports" had been obtained by the paralegal, Nancy Harvey, at the
11 Defendant Ater Wynne's law firm, in Portland, Oregon, on the dates indicated for each of these
12 "Accurint reports" described in Paragraph 18 of this Complaint. Defendant Verizon argued in
13 its motion for protective order filed in the <u>Scott v. Ward and Verizon</u> action that these "Accurint
14 reports" and other "Accurint reports" and documents requested by Joshua Scott for production
15 had been obtained by the Defendant Ater Wynne, on behalf of the Defendant Verizon, in
16 connection with a purported investigation of Joshua Scott as a witness in the <u>MCI Worldcom v.
17 Goodwin</u> action, and were thus subject to a work product privilege under ORCP 36(b)(3).
18 Defendant Verizon filed and served the subject "Privilege Log" in the <u>Scott v. Ward and
19 Verizon</u> action in conjunction with its requested *in camera* review by the Jackson County
20 Circuit Court of all of the "Accurint reports" and other documents Defendant Verizon and its
21 attorney, the Defendant Ater Wynne, contended were subject to the above described claimed
22 work product privilege under ORCP 36(b)(3).
23                                    20.
24     Upon information and belief, which allegations are anticipated to likely have
25 evidentiary support obtained through further investigation or discovery in this action, Plaintiffs
26 further allege that the paralegal in the law firm of the Defendant Ater Wynne, in Portland,

**COMPLAINT - 9**

1 Oregon, undertook the following additional "Accurint" searches, among others, and obtained the
2 following additional "Accurint reports" from the "Accurint" databases maintained by Seisint,
3 Inc., on or about the following dates, to-wit:

    a. Accurint Comprehensive Report on *REDACTED*, on or about September 8, 2006;

    b. Accurint Person Search for *REDACTED*, on or about September 8, 2006;

    c. Accurint Person Search for *REDACTED*, on or about September 8, 2006;

    d. Accurint Comprehensive Report on *REDACTED*, on or about September 21, 2006;

    e. Accurint Comprehensive Report on *REDCACTED*, on or about September 21, 2006;

    f. Accurint Comprehensive Report on *REDACTED*, on or about September 21, 2006;

    g. Accurint Comprehensive Report on *REDACTED*, on or about September 21, 2006;

    h. Accurint Person Search for *REDACTED*, on or about September 21, 2006;

    i. Accurint Person Search for *REDACTED*, on or about September 21, 2006; and

    j. Accurint Person Search for *REDACTED*, on or about September 21, 2006.

(The word "REDACTED" appears on the "Privilege Log" for each of the above described "Accurint reports" in all capitalized letters and in red ink.).

On information and belief, which allegations are anticipated to likely have evidentiary support obtained through further investigation or discovery in this action, Plaintiffs further allege that prior to obtaining access to the "Accurint" databases for each of the foregoing searches undertaken on or about September 8, 2006 and September 21, 2006, the paralegal in the law firm of the Defendant Ater Wynne indicated on the paralegal's computer access screen connected to the secured internet website for the "Accurint" databases being search that each of these searches was for a "permissible use" under 18 U.S.C. §2721(b)(4) (*i.e.*, "for use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.").

**COMPLAINT - 10**

21.

Upon information and belief, which allegations are anticipated to likely have evidentiary support obtained through further investigation or discovery in this action, Plaintiffs allege that one or more of the foregoing Accurint reports described in Paragraph 20 of this Complaint were obtained on one or more of the Plaintiffs, individually. Upon information and belief, which allegations are anticipated to likely have evidentiary support obtained through further investigation or discovery in this action, Plaintiffs further allege that the searches on the Plaintiffs, individually, in one or more of the "Accurint" searches and the "Accurint reports" described in Paragraph 20 of this Complaint, gave rise to the indicated "REDACTED" notation by the Defendant Verizon, by and through its attorney, Defendant Ater Wynne, on the description of each of the individuals who were the subject of the "Accurint" database searches and "Accurint reports" shown on the "Privilege Log" filed in the Scott v. Ward and Verizon action.

22.

The allegations of Paragraph 21 and 22 of this Complaint alleged upon the basis of "information and belief" are based upon: (a) The contents of the above described "Privilege Log" filed by the Defendant Verizon, by and through its attorney, Defendant Ater Wynne, in the Scott v. Ward, et al action; (b) The deposition testimony of Steven Blackhurst, an attorney in the Defendant Ater Wynne law firm who handled the MCI Worldcom v. Goodwin action, which deposition was previously taken by Joshua Scott in the Scott v. Ward and Verizon action; (c) certain memoranda filed in the Scott v. Ward and Verizon action on behalf of the Defendant Verizon by the Defendant Ater Wynne; (d) certain arguments and statements made to the Jackson County Circuit Court by attorney Steven Blackhurst, on behalf of the Defendant Verizon, in the Scott v. Ward and Verizon action, on various motions and procedural matters related to discovery by Joshua Scott being conducted in that action; and (e) a certain Affidavit signed by the Manager of Backoffice Operations for Seisint, Inc., Dory Levine, dated January

COMPLAINT - 11

1  10, 2010, which was submitted to the attorney for Joshua Scott by Seisint, Inc's attorneys, in
2  late January, 2010, in connection with discovery being conducted by Joshua Scott in the <u>Scott v.
3  Ward and Verizon</u> action.

## FIRST CLAIM FOR RELIEF

**(Claim for Violation of Driver's Privacy Protection Act, 18 U.S.C. §2721, <u>et seq</u>)**

23.

Plaintiffs reallege Paragraphs 1 through 22 of this Complaint.

24.

Upon information and belief, which allegations are anticipated to likely have evidentiary support obtained through further investigation or discovery in this action, Plaintiffs allege that certain of Plaintiffs' "personal information," as defined in the federal Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §2721, <u>et seq</u>, was obtained from Plaintiffs' driver records of the California Department of Motor Vehicles, the Oregon Division of Motor Vehicles, or other state motor vehicle departments by Seisint, Inc., and that this "personal information" was contained in the "Accurint" databases accessed by the paralegal of the Defendant Ater Wynne, in September, 2006, as alleged above in this Complaint.

25.

Upon information and belief, which allegations are anticipated to likely have evidentiary support obtained through further investigation or discovery in this action, Plaintiffs allege that after accessing the "private information" of the Plaintiffs contained within the "Accurint" databases searched by the paralegal in the Defendant Ater Wynne, in September, 2006, as alleged above in this Complaint, the Defendants used this "personal information" by printing out and utilizing for unknown reasons the above described "Accurint reports" on the Plaintiffs, individually; on the real property of the Plaintiff Richard Foos located at 1280 Grays Creek Road, Grants Pass, Oregon; on the Plaintiffs' former BT Club business; and on the private and confidential telephone number owned by Plaintiff Richard Foos providing telephone service

COMPLAINT - 12

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

to the Plaintiff Richard Foos' residential property located at 1280 Gray Creek Road, Grants Pass, Oregon. The "Accurint reports" so alleged upon information and belief to have been used by the Defendants are more particularly described in Paragraphs 17, 18, and 20 of this Complaint.

26.

Upon information and belief, which allegations are anticipated to likely have evidentiary support obtained through further investigation or discovery in this action, Plaintiffs allege that the Defendants' accessing and obtaining of the Plaintiff's "personal information" in the above alleged manner in the "Accurint" databases by the paralegal in the Defendant Ater Wynne law firm, in September, 2006, was in violation of the provisions of 18 U.S.C. §2722 (a), since it involved knowingly obtaining personal information from the Plaintiffs' motor vehicle driver records for a use other than a "permitted use" under 18 U.S.C. §2721(b). Upon information and belief and to be established through further discovery in this action, Plaintiffs further allege that the accessing and obtaining of such "personal information" on the Plaintiffs was also in violation of the provisions of 18 U.S.C. §2722(b), since it involved the making of a false representation to obtain "personal information" of the Plaintiffs from their motor vehicle driver records contained within the "Accurint" databases (*i.e.*, by certifying on the paralegal's computer access screen connected to the secure internet website for the "Accurint" databases that each of these searches being undertaken on the Plaintiffs, their property, and telephone number, was for a "permitted use" under 18 U.S.C. §2721(b)(4), when these searches, in fact, were not and could not properly be undertaken and information used under this "permitted use" under the DPPA, since the Plaintiffs had no involvement with or knowledge of dispute being litigated in the MCI Worldcom v. Goodwin action and were known by the Defendants not to be witnesses in this action, at the time of these "Accurint" searches and obtaining of these "Accurint reports.").

//

COMPLAINT - 13

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

27.

By reason of the Defendants' knowingly obtaining and using Plaintiffs' personal information for a purpose not permitted under the DPPA, Defendants are liable to the Plaintiffs, jointly and severally, under the provisions of 18 U.S.C. §2724(a) for this violation of the DPPA. Plaintiffs are entitled to recover against the Defendants, jointly and severally, for this violation the remedies provided by the DPPA, including:

    a. Plaintiffs' actual damages resulting from the Defendants' violation of the DPPA alleged in this claim for relief, in an amount to be established at trial, but not less than liquidated damages of $2,500.00 provided for under the DPPA for each alleged violation of the DPPA, pursuant to 18 U.S.C. §2724(b)(1) of the DPPA, whichever amount is higher; plus

    b. Upon information and belief, with regard to allegations likely to be established through further investigation and discovery in this action, punitive damages in the amount of $400,000.00, pursuant to 18 U.S.C. §2724(b)(2) of the DPPA, based upon the Defendants' willful and reckless disregard of the law; plus

    c. Defendant's reasonable attorney fees and litigation expenses incurred in prosecuting this claim in this action, pursuant to 18 U.S.C. §2724(b)(3) of the DPPA; and plus

    d. Such other and further equitable relief that the Court determines to be appropriate, pursuant to 18 U.S.C. §2724(b)(4) of the DPPA.

28.

The allegations of Paragraphs 24 through 27 of this Complaint alleged on the basis of "information and belief" are based upon: (a) The contents of the above described "Privilege Log" filed by the Defendant Verizon, by and through its attorney, Defendant Ater Wynne, in the Scott v. Ward, et al action; (b) The deposition testimony of Steven Blackhurst, an attorney in the Defendant Ater Wynne law firm who handled the MCI Worldcom v. Goodwin action, which was deposition was previously taken by Joshua Scott in the Scott v. Ward and Verizon action;

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

COMPLAINT - 14

(c) certain memoranda filed in the <u>Scott v. Ward and Verizon</u> action on behalf of the Defendant Verizon by the Defendant Ater Wynne; (d) certain arguments and statements made to the Jackson County Circuit Court by attorney Steven Blackhurst, on behalf of the Defendant Verizon, in the <u>Scott v. Ward and Verizon</u> action, on various motions and procedural matters related to discovery by Joshua Scott being conducted in that action; and (e) a certain Affidavit signed by the Manager of Backoffice Operations for Seisint, Inc., Dory Levine, dated January 10, 2010, which was submitted to the attorney for Joshua Scott by Seisint, Inc's attorneys, in late January, 2010, in connection with discovery being conducted by Joshua Scott in the <u>Scott v. Ward and Verizon</u> action.

29.

Plaintiffs did not reasonably discover the existence of their claim for violations of the DPPA alleged in this First Claim for Relief until on or about February 15, 2010, when they first became reasonably aware of the existence of the contents of the "Privilege Log" filed in the <u>Scott v. Ward and Verizon</u> action setting forth the "Accurint" searches and "Accurint reports" obtained by the Defendants, and of the provisions of the Affidavit signed by the Manager of Backoffice Operations for Seisint, Inc., Dory Levine, dated January 10, 2010, submitted to the attorney for Joshua Scott by the attorneys for Seisint, Inc., in late January, 2010, in connection with discovery being conducted in the <u>Scott v. Ward and Verizon</u> action. The Affidavit of Dory Levine sets forth in some detail the "personal information" under the DPPA that had been obtained by Seisint, Inc. from state motor vehicle department driver records and which "personal information" was likely contained in the "Accurint" databases searched by the paralegal at the Defendant Ater Wynne law firm in September, 2006. This Affidavit of Dory Levine further described in some detail several of the "Accurint" database searches undertaken by this paralegal for the Defendant Ater Wynne, in September, 2006, on apparently on the Plaintiffs, individually; the Plaintiff Richard Foos' owned residential property located at 1280 Gray Creek Road, Grants Pass, Oregon; the Plaintiffs' former BT Club business; and the private

COMPLAINT - 15

1  and unlisted telephone number of Plaintiff Richard Foos for his owned residential property
2  located at 1280 Gray Creek Road, Grants Pass, Oregon. Prior to the disclosure and review of
3  the "Privilege Log" and Affidavit of Dory Levine, by the Plaintiffs, on or about February 15,
4  2010, they had no actual knowledge nor any reasonable reason to believe that any searches of
5  any type or nature on them or their private and personal information had ever been sought or
6  obtained by the Defendants at any time.

**SECOND CLAIM FOR RELIEF**

**(Claim for Invasion of Rights of Privacy)**

30.

Plaintiffs reallege Paragraphs 1 through 22 of this Complaint.

31.

The wrongful acts and conduct of the Defendants giving rise to the violations of the DPPA, as alleged in Plaintiffs' First Claim for Relief in this Complaint, also each constituted an intentional and unreasonable intrusion into the solitude or seclusion of the Plaintiffs or into the Plaintiffs' private affairs or concerns.

32.

The alleged intrusion by the Defendants into the solitude or seclusion of the Plaintiffs or into the Plaintiffs' private affairs or concerns, by and through acts and conduct giving rise to the violations of the DPPA alleged in Plaintiffs' First Claim for Relief in this Complaint, was of such a nature as to be highly offensive to a reasonable person, and thus constituted an invasion of Plaintiffs' rights of privacy.

33.

As a reasonably foreseeable result of the intentional and unreasonable intrusion into the Plaintiffs' rights of privacy by the Defendants, as alleged in this Second Claim for Relief in this Complaint, Plaintiffs have suffered non-economic damages for mental distress, anxiety,

//

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

COMPLAINT - 16

1  humiliation, and psychic abuse and are entitled to recover compensatory damages in the amount
2  of $100,000, or $50,000 each.

3                                                     34.

4       Upon information and belief, which allegations are anticipated to likely have
5  evidentiary support obtained through further investigation or discovery in this action, Plaintiffs
6  allege that the intentional and unreasonable intrusion into the Plaintiffs' rights of privacy by the
7  Defendants evidenced a reckless and outrageous indifference to the harm caused to the Plaintiffs
8  by such tortious conduct. Upon information and belief, which allegations are anticipated to
9  likely have evidentiary support obtained through further investigation or discovery in this
10 action, Plaintiffs further allege in undertaking such tortious conduct, the Defendants acted with
11 malice, or with a conscious indifference to the health, safety and welfare of the Plaintiffs and
12 others similarly situated. Upon information and belief, which allegations are anticipated to
13 likely have evidentiary support obtained through further investigation or discovery in this
14 action, Plaintiff allege that Plaintiffs are entitled to recover punitive damages against the
15 Defendants in the amount of $400,000.00, in order to deter such acts and conduct by the
16 Defendants and others similarly situated in the future.

17                                                    35.

18      Plaintiffs did not reasonably discover the existence of their claim for invasion of their
19 rights of privacy alleged in this Second Claim for Relief until on or about February 15, 2010,
20 when they first became reasonably aware of the existence of the contents of the "Privilege Log"
21 filed in the Scott v. Ward and Verizon action setting forth the "Accurint" searches and "Accurint
22 reports" obtained by the Defendants, and of the provisions of the Affidavit signed by the
23 Manager of Backoffice Operations for Seisint, Inc., Dory Levine, dated January 10, 2010,
24 submitted to the attorney for Joshua Scott by the attorneys for Seisint, Inc., in late January,
25 2010, in connection with discovery being conducted in the Scott v. Ward and Verizon action.
26 The Affidavit of Dory Levine sets forth in some detail the "personal information" under the

COMPLAINT - 17

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

DPPA that had been obtained by Seisint, Inc. from state motor vehicle department driver records and which "personal information" was likely contained in the "Accurint" databases searched by the paralegal at the Defendant Ater Wynne law firm in September, 2006. This Affidavit of Dory Levine further described in some detail several of the "Accurint" database searches undertaken by this paralegal for the Defendant Ater Wynne, in September, 2006, on apparently on the Plaintiffs, individually; the Plaintiff Richard Foos' owned residential property located at 1280 Gray Creek Road, Grants Pass, Oregon; the Plaintiffs' former BT Club business; and the private and unlisted telephone number of Plaintiff Richard Foos for his owned residential property located at 1280 Gray Creek Road, Grants Pass, Oregon. Prior to the disclosure and review of the "Privilege Log" and Affidavit of Dory Levin, by the Plaintiffs, on or about February 15, 2010, they had no actual knowledge nor any reasonable reason to believe that any searches of any type or nature on them or their private and personal information had ever been sought or obtained by the Defendants at any time.

**WHEREFORE**, Plaintiffs prays for a judgment against the Defendants Verizon Business Network Services, Inc. and Ater Wynne, LLP, and each of them, jointly and severally, as follows:

1. Under Plaintiffs' First Claim for Relief for the alleged violations of the DPPA, as follows:

   a. Plaintiffs' actual damages resulting from the Defendants' violations of the DPPA alleged in this claim for relief, in an amount to be established at trial, but not less than liquidated damages of $2,500.00 provided for under the DPPA for each alleged violation of the DPPA, pursuant to 18 U.S.C. §2724(b)(1), whichever amount is higher;

   b. Punitive damages in the amount of $400,000.00, pursuant to 18 U.S.C. §2724(b)(2), for the alleged willful and reckless disregard of the law by the Defendants;

//

COMPLAINT - 18

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

    c. Defendant's reasonable attorney fees and litigation expenses incurred in prosecuting this claim in this action for violations of the DPPA, pursuant to 18 U.S.C. §2724(b)(3), to be established by the Court; and

    d. Such other and further equitable relief that the Court determines to be appropriate, pursuant to 18 U.S.C. §2724(b)(4); and

2. Under Plaintiffs' Second Claim for Relief for the alleged invasions of the Plaintiffs' rights of privacy, as follows:

    a. For a monetary judgment of $100,000.00, or $50,000.00 for each of the Plaintiffs, for the Plaintiffs' non-economic, compensatory damages for the invasion of Plaintiffs' right of privacy; and

    b. Punitive damages in the amount of $400,000.00, to punish and deter the Defendants and other similarly situated from engaging in the alleged invasions of the rights of privacy of the Plaintiffs and others in the future; and

3. For Plaintiffs' costs and disbursements incurred in this action.

DATED this 7th day of May, 2010.

    G. JEFFERSON CAMPBELL, JR., P.C.

    _____
    G. Jefferson Campbell, Jr., OSB #750611
    Of Attorneys for Plaintiffs

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

COMPLAINT - 19